FILED
05/17/2024
Tina Henry
CLERK
Cascade County District Court
STATE OF MONTANA
By: Kristin Antonovich
DV-7-2024-0000245-WC
Best, Elizabeth
1.00

Emily von Jentzen
KAUFMAN VIDAL HILEMAN ELLINGSON PC
22 Second Ave. West, Suite 4000
Kalispell, MT 59901
Telephone: (406) 755-5700
Fax: (406) 755-5783
emily@kvhlaw.com

Attorneys for Plaintiff

## MONTANA EIGHTH JUDICIAL DISTRICT, CASCADE COUNTY

| APRIL HAMMOND,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS HOSPITAL (a.k.a. GREAT FALLS CLINIC, LLP, and GREAT FALLS CLINIC, LLC),<br>Defendant. | Cause No. DV-7-2024-0000245-WC<br>Judge Elizabeth Best<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unpaid Wages, Breach of Contract) |
|---|---|

Plaintiff alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff April Hammond (hereinafter referred to as "Hammond") is an adult citizen of the state of Montana, who at all times relevant to the facts of this complaint was a resident of Cascade County. Hammond was employed by Great Falls Hospital (a.k.a. Great Falls Clinic, LLP and Great Falls Clinic LLC) in Cascade County from September 29, 2021 through February 13, 2024.

2. Defendant Great Falls Hospital is a domestic limited liability company in good standing with the Montana secretary of state.

3. Jurisdiction for this matter lies within the State of Montana as all facts relevant to this Complaint occurred within the State of Montana. Venue is appropriate in this Court, as the claims arose in Cascade County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

1. Hammond was hired as Director of Radiology by Great Falls Hospital on September 29, 2021 (at the time the entity was known as Great Falls Clinic).

2. Hammond entered into a contract with Bruce Robinson, Talent Manager, to receive annual bonuses that were tied to Hammond's increases in productivity. A contract was entered into on September 6, 2021, that included "bonus up to 12%" listed in the compensation section of the contract.

3. Throughout the course of her employment, Hammond took and worked call, callback and shifts in a technologist's capacity and came in after business hours and on weekends to support her department.

4. Hammond's job description as Director of Radiology does not include any direct patient care or call requirements, and under the OSHA categories under Category III states, "Normal routine involves no exposure to blood, body fluid, or tissue and as part of their employment, incumbents are not called upon to perform, or assist in emergency care or first aid."

5. Since Kimberly Basinger began working in the Human Resources Department (sometime around October of 2023) for Great Falls Hospital, Hammond was informed that team members must be paid according to job duties they are

performing outside of their primary job description. Team members received back pay for their work at that time, but Hammond did not.

6. On numerous occasions, Hammond brought up concerns related to her lack of bonus pay and non-paid work she was performing outside of her job description. (Jeremy Pack had also not received his bonuses). In early 2022, Hammond communicated with Wayne Gillis and Jeremy Pack via email concerning the lack of bonuses and pay for work outside of her job description. These issues, however, were never rectified. Hammond raised the issues again near the end of 2023 and beginning of 2024. Hammond's concerns were ignored.

7. Under Hammond's leadership as Director of Radiology, she increased productivity by approximately 79% in the first year and an additional 9% between years two and three. Hammond helped the team grow from 22 team members to over 58 employees. Hammond contributed to an additional 17.4 million in revenue for Great Falls Hospital.

8. Hammond was terminated from employment on February 13, 2024. A charge of discrimination relative to her termination has been filed with the Montana Human Rights Bureau.

9. Following her termination, Hammond engaged in the internal grievance policy both for the termination of her position and also the non-payment of her wages/bonuses. Great Falls Hospital has a three-step grievance policy that requires a written grievance to be submitted in writing within five (5) business days of an event/action. The employee's supervisor is required to respond in writing within ten (10) business

days. If the problem is not resolved, the employee may present their grievance to the Compliance Officer within five (5) business days of the supervisor's written decision. The Compliance Officer is required to respond within ten (10) business days. If the issue is still not resolved, the grievance may be submitted to the Executive Leadership Committee within five (5) business days of the Compliance Officer's Decision. The Executive Leadership Committee is required to respond within twenty (20) business days of the receipt of the grievance.

10. Hammond timely submitted her grievance letter on February 19, 2024. Hammond requested to be paid "for the 3 bonuses, hours on call, hours called back, and additional shifts worked in a technologist capacity within 30 days from the date of this letter."

11. The response from Great Falls Hospital to Step One of the Grievance process was submitted by Hammond's supervisor, Bradley D. Weast on February 26, 2024. Mr. Weast stated the following concerning Hammond's unpaid bonuses:

> I was not involved in the meeting with HR regarding your bonuses and could not have retaliated against you for something about which I was not involved or aware. Having researched the issue with HR for purposes of responding to your grievance, I can advise there is no contract or documentation that you were promised or owed a bonus or call back pay. There is nothing in your personnel file. You provided HR with a draft Word document which has no letterhead and is unsigned by both the Great Falls Clinic and you. Even assuming for the sake of argument, this was contemplated in 2021, it obviously was never consummated or completed. There is simply no basis for a bonus claim.

12. Mr. Weast's response concerning Hammond's claim for unpaid wages on shifts she worked was as follows:

> With respect to taking call, working shifts and "after business hours," you are no different than any other exempt employee. You are responsible for ensuring staffing at appropriate capacities. You had the ability and the authority to secure and retain employees. If there were gaps, the onus is on you to provide support. As a Director, you were a highly compensated, exempt employee. Unlike hourly, non-exempt employees, you were not entitled to additional compensation for tasks "outside of your hired position."

13. On March 4, 2024, Hammond initiated Step 2 in the Grievance process with the submission of an additional letter. Notably, Ms. Hammond noted in this letter that she had still been denied access to her employee file, which she had requested on February 29, 2024.

14. On March 18, 2024 Great Falls Hospital responded to the Step 2 Grievance letter through Vicki Clevenger. Ms. Clevenger acknowledged that Hammond was permitted to pick up her employee file that day. Ms. Clevenger also issued a "correction" to the prior communication from Mr. Weast stating:

> I will correct prior communications regarding your question about the possibility of a bonus at the time of your recruitment. Through a review of your personnel file in preparation for this grievance response, we did locate a signed document dated September 3, 2021, that indicates you may be eligible for a bonus of up to 12%. Please note that this was an atypical arrangement for Director-level positions and therefore the Executive Leadership Team was unaware of this document, including Mr. Weast and Ms. Basinger. However this document does not change our position that no additional compensation is due. The September 3, 2021 document simply notes "bonus up to 12%. The letter does not list the criteria for being awarded such a bonus, the frequency or timing of a potential bonus, and allows discretion for a bonus range from 0-12%.

15. Hammond then initiated Step Three of the Grievance Policy with the submission of a letter to the Executive Leadership Committee on March 25, 2024 and noted

"Increase productivity was what was agreed upon for my bonus during my hire. My first year was >79% and year 2 was still an increase with > 5%."

16. Pursuant to Great Falls Hospital's Grievance Policy, Hammond was due a response to her initiation of Step Three of the Grievance Policy within 20 days. No response was received from the Executive Leadership Committee. Great Falls Hospital failed to follow its own grievance policy procedures.

## COUNT 1
## UNPAID WAGES

17. Plaintiff realleges paragraphs 1-16 as if fully set forth herein.

18. Pursuant to Mont. Code Ann. § 39-3-205, since Plaintiff was terminated from her position prior to payday, Great Falls Hospital was required to pay Hammond all unpaid wages on the next regular payday, which was February 16, 2024. Hammond was not paid a "final paycheck" until March 1, 2024. Hammond still has not been paid for call, callback and shifts in a technologist's capacity that she is owed.

19. Mont. Code Ann. § 39-3-205 (1) specifies when an employee separates from the employ of any employer, all unpaid wages of the employee are due and payable on the next regular payday for the pay period during which the employee was separated from employment or 15 days from the date of separation from employment, ***whichever comes first.*** (emphasis added) Great Falls Hospital failed to pay Hammond her final paycheck on the next regular payday following her termination.

20. Great Falls Hospital also violated Mont. Code Ann. § 39-3-205 by failing to pay Hammond all unpaid wages in her final paycheck, specifically by failing to pay her

unpaid bonus and for work performed for call, callback and shifts in a technologist's capacity.

21. Pursuant to Mont. Code Ann. §§ 39-3-206, 207 Great Falls Hospital's failure to pay all unpaid wages in the time prescribed, Great Falls Hospital must be assessed a penalty of 110% of the wages due and unpaid.

22. Hammond has filed a timely Complaint as required under Mont. Code Ann. § 39-3-207(1).

23. Pursuant to Mont. Code Ann. § 39-3-214, Hammond is entitled to costs and attorneys fees as a matter of law.

24. As a result of Defendant's conduct, Plaintiff was damaged.

## COUNT 2
## BREACH OF CONTRACT

25. Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

26. Great Falls Hospital made an offer of employment to Hammond that included a detailed benefits and compensation package that included bonuses up to 12%. This offer was made to Hammond in writing.

27. It was communicated to Hammond that her bonuses would be based upon increases in productivity.

28. Hammond accepted the offer of employment by signing the acceptance line of the written offer and beginning work. Hammond's acceptance was based upon the representations of her compensation that were made to her by Great Falls Hospital, including the promises of bonuses up to 12%.

29. Hammond was not paid the annual bonuses she was promised for increases in productivity.

30. Hammond was not paid the bonus promised to her if she started work before September 30, 2021.

31. Great Falls Hospital breached its contract with Hammond by its failure to pay her bonuses as promised.

32. As a result of Defendant's conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. For money damages sustained;

2. For a penalty of 110% of wages due and unpaid to be assessed against Great Falls Hospital pursuant to Mont. Code Ann. §§ 39-3-206, 207.

3. For costs and attorney's fees pursuant to Mont. Code Ann. § 39-3-214;

4. For any other such relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this matter be tried before a jury.

DATED this 17th day of May, 2024.

KAUFMAN VIDAL HILEMAN ELLINGSON PC

By: /S/ Emily von Jentzen
Emily von Jentzen
Attorney for Plaintiff